UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VANESSA ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>SKAGGS CATHOLIC CENTER, LLC; and THE ROMAN CATHOLIC BISHOP OF SALT LAKE CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. NO. 32)**<br><br>Case No. 2:26-cv-00457<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Vanessa Acevedo, proceeding without an attorney, filed this action against her former employer, Skaggs Catholic Center, LLC, and its owner, the Roman Catholic Bishop of Salt Lake City.[1] Ms. Acevedo brings claims for: discrimination based on sex, pregnancy, and religion under Title VII of the Civil Rights Act[2] and the Utah Antidiscrimination Act;[3] retaliation under Title VII; violation of the Pregnant Workers Fairness Act;[4] and interference and retaliation under the Family Medical Leave Act.[5]

---

[1] (Compl., Doc. No. 1.)

[2] 42 U.S.C. § 2000e et seq.

[3] Utah Code Ann. § 34A-5-101 et seq.

[4] 42 U.S.C. § 2000gg.

[5] 29 U.S.C. § 2601 et seq.

Ms. Acevedo now moves to amend her complaint to add new claims: defamation and defamation per se; negligent hiring, retention, and supervision; and negligent care of a dependent minor.[6] Ms. Acevedo seeks to bring the latter claim "as Parent and Natural Guardian of the dependent minor child, F.C."[7] Defendants oppose the motion, arguing the proposed new claims are futile.[8]

Ms. Acevedo's motion is granted in part and denied in part. As explained below, Ms. Acevedo cannot bring claims on behalf of her child unless an attorney represents her. Because she proceeds without an attorney, her motion is denied as to the "negligent care of a dependent minor" claim. But the motion is granted as to the other proposed new claims. Defendants' futility arguments regarding these claims are more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to add these claims. Accordingly, Ms. Acevedo is granted leave to file her proposed amended complaint by **September 4, 2026**, but she must first omit the "negligent care of a dependent minor" claim.

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with

---

[6] (Mot. for Leave to File Am. Compl., Doc. No. 32 at 1.) Because Ms. Acevedo's motion lacks internal numbering, references are to the CM/ECF pagination.

[7] (*Id.*)

[8] (Defs. Skaggs Catholic Center, LLC, and the Roman Catholic Bishop of Salt Lake City's Opp'n to Pl.'s Mot. to Amend Compl. (Opp'n), Doc. No. 33.)

the opposing party's written consent or the court's leave."[9] "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[10] Rule 15 instructs courts to "freely give leave when justice so requires."[11] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[12] Prejudice to the opposing party is the most important factor in deciding whether to allow amendment.[13]

Although courts may deny leave to amend based on futility alone,[14] they may also decline to conduct a futility analysis in the context of a motion to amend if the arguments would be more properly addressed in dispositive motions.[15] Particularly

---

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

[13] *Minter*, 451 F.3d at 1207.

[14] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[15] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse."[16] "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[17]

## ANALYSIS

A. <u>Proposed "Negligent Care of a Dependent Minor" Claim</u>

Ms. Acevedo's request to add a new claim brought on behalf of her minor child is denied, where an attorney does not represent Ms. Acevedo. "A litigant may bring [her] own claims to federal court without counsel, but not the claims of others."[18] Likewise, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."[19] To bring a claim on behalf of her minor child, Ms. Acevedo must hire an attorney to represent her. She cannot bring this claim pro se. Accordingly, Ms. Acevedo's motion is denied as to her request to add a "negligent care of a minor child" claim on behalf of her child. (If Ms. Acevedo hires an attorney, she

---

[16] *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished) (citation omitted), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[17] *Id.* (citation omitted)

[18] *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

[19] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

may file a new motion to amend to add this claim, subject to the requirements of Rule 15(a) and scheduling order deadlines.)

B. Other Proposed Claims

Defendants argue Ms. Acevedo's proposed "defamation and defamation per se" claim is futile because the statute of limitations for this claim has expired and the statements alleged are not defamatory.[20] Defendants also argue Ms. Acevedo's proposed "negligent hiring, retention, and supervision" claim is futile because it "does not assert different conduct or damages than her claim under Title VII."[21] As explained below, Defendants' futility arguments would be more appropriately addressed in dispositive motions.

With respect to defamation, Defendants contend Utah's one-year limitation period has expired because the most recent defamatory statement alleged was from October 2024.[22] But the limitation period only begins to run when a defamatory statement "is known or [] reasonably discoverable by the plaintiff."[23] It is not apparent from the face of the proposed amended complaint when Ms. Acevedo became aware of

---

[20] (Opp'n 2–4, Doc. No. 33.)

[21] (*Id.* at 6.)

[22] (Opp'n 3, Doc. No 33); *see also* Utah Code. Ann. § 78B-2-302(4) (providing a one-year statute of limitation for defamation claims).

[23] *Russell v. Std. Corp.*, 898 P.2d 263, 264 (Utah 1995).

these statements—and Defendants do not address this issue in their opposition.[24] In her motion to amend, Ms. Acevedo suggests she may have learned of some statements through discovery in this case,[25] which began less than a year ago.[26] As this overview demonstrates, Defendants' statute-of-limitations defense is more appropriately addressed in the context of dispositive motions with full briefing, rather than the truncated briefing in opposition to a motion to amend.[27] Likewise, where Ms. Acevedo alleges numerous defamatory statements, any arguments about whether specific statements qualify as defamatory under the law are more appropriately addressed in dispositive motions with full briefing.

As for the negligent hiring, retention, and supervision claim, Defendants argue Ms. Acevedo's allegations merely present new theories of liability under her existing Title VII claims, rather than an independent cause of action.[28] Even assuming this is true, Ms. Acevedo should be permitted to add these new allegations to support her

---

[24] *Cf. Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) ("[A] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." (citation a omitted)).

[25] (*See* Mot., Doc. No. 32 at 2 (indicating "newly exchanged corporate records" revealed the factual basis for her proposed new claims).)

[26] (*See* Scheduling Order, Doc. No. 30 (entered July 10, 2026).)

[27] For example, the District of Utah's local rules impose a ten-page limit on oppositions and replies related to motions to amend. *See* DUCivR 7-1(a)(4)(D)(i). But the rules allow twenty-five pages for motions to dismiss and related oppositions. *See* DUCivR 7-1(a)(4)(A)(i).

[28] (Opp'n 6–7, Doc. No. 33.)

existing claims. And Defendants' contention that this is not a viable standalone claim is more appropriately addressed in the context of dispositive motions with full briefing.

Defendants do not allege any undue delay, bad faith, or dilatory motive by Ms. Acevedo, nor do they assert the amendment would cause undue prejudice. Ms. Acevedo moved to amend early in the discovery period—less than two weeks after the court entered the scheduling order, and well before the deadline for filing motions to amend.[29] This is Ms. Acevedo's first amendment, and the case is still in the early stages of discovery. In other words, none of the other factors justifying denial of leave to amend are present here.

For these reasons, at this stage, the court declines to analyze the viability of Ms. Acevedo's proposed new claims of defamation, defamation per se, and negligent hiring, retention, and supervision. Because Defendants do not provide any other basis to deny the motion, justice requires permitting Ms. Acevedo to amend her complaint to add these claims.

## CONCLUSION

Ms. Acevedo's motion to amend[30] is granted in part and denied in part. Ms. Acevedo may file her proposed amended complaint[31] by **September 4, 2026**, but she

---

[29] (*See* Scheduling Order, Doc. No. 30.)

[30] (Doc. No. 32.)

[31] (Exhibit A to Mot., Doc. No. 32-1.)

must first omit the "negligent care of a dependent minor" claim. Once filed on the docket, the amended complaint will be the operative complaint in this case.

DATED this 28th day of August, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge